1
2
3
4
5
6
7
8       # UNITED STATES DISTRICT COURT
9       ## EASTERN DISTRICT OF CALIFORNIA
10
11      MICHAEL GONZALES,                    1:07-cv-00565-OWW-GSA (PC)

                          Plaintiff,
12                                           ORDER DISMISSING COMPLAINT
        v.                                   WITH LEAVE TO AMEND
13
        FRESURA, et. al.,                    (Doc. 1)
14
                          Defendants.
15      _____/
16

17      **I.    SCREENING ORDER**

18          Michael Gonzales ("Plaintiff") is a state prisoner proceeding pro se and in forma

19      pauperis.  Plaintiff filed his complaint on April 12, 2007 – which is presently before the Court for

20      screening.

21          **A.    Screening Requirement**

22          The Court is required to screen complaints brought by prisoners seeking relief against a

23      governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24      Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25      legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

26      that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

27      § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

28      paid, the court shall dismiss the case at any time if the court determines that . . . the action or

                                                 1

1    appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

2    1915(e)(2)(B)(ii).

3        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4    which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

5    support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

6    467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

7    Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8    complaint under this standard, the court must accept as true the allegations of the complaint in

9    question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12       **B.       Summary of Plaintiff's Complaint**

13       At the time of the issues complained of in his complaint, Plaintiff was a state prisoner at

14   California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran,

15   California.

16       Plaintiff names defendants Correctional Officers K. Fresura, Vikjord, Price, Castro,

17   Weaver, Mallory, F. Yamat, J. Munoz, and A. Perez.

18       Plaintiff alleges that K. Fresura, Vikjord, Price, Castro, Weaver, Mallory, and A. Perez

19   medicate his food and then tease him about it.  Plaintiff also alleges that K. Fresura, Vikjord,

20   Price, and Castro have completely stopped his mail.  Plaintiff further generally alleges that he

21   was retaliated against for "exercising" his "civil rights."

22       Plaintiff seeks relief by way of injunction and monetary damages.

23       Plaintiff may be able to amend to correct deficiencies in his pleading so as to state

24   additional cognizable claims.  Plaintiff merely states factual allegations, without delineating

25   which of his constitutional rights he feels have been violated.  Thus, he is being given the

26   applicable standards based on his factual allegations.  If Plaintiff intended to raise any

27   constitutional violations, other than as discussed herein, he should endeavor to specifically state

28   as much if he chooses to file an amended complaint – which he is hereby given leave to do.

C.     **Pleading Requirements**

1.  *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's complaint is ambiguous as to whether his claims that the officers are medicating his food are related to the other issues raised.  Plaintiff's claims against J. Munoz and F. Yamat for failing to make copies for him are  clearly  not related to any of the other allegations stated in the complaint.  Plaintiff should only bring related claims in this action.  Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all unrelated claims that are dismissed therein as strikes.  As such,  he may be barred from filing in forma pauperis in the future.

D.     **Claims for Relief**

1.  *Medicating Meals*

Plaintiff alleges that K. Fresura, Vikjord, Price, Castro, Weaver, Mallory, and A. Perez medicate his food and then tease him about it.  (Doc. 1, p. 5.)

"[G]iven the requirements of the prison environment, the Due Process clause permits the State to treat a prison inmate who has a serious mental illness, with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest" as long as the decision to medicate against his will is neither arbitrary, nor erroneous, and comports with procedural due process.  Washington v. Harper 494 U.S. 210, 227-

3

1 | 29 (1990).

2 |     Plaintiff's mere allegation that the C/O's joke about serving him medicated meals, and

3 | that the meals cause a number of symptoms is insufficient to state a cognizable claim.  Plaintiff

4 | does not state whether he has any condition that requires medication, whether he has consented

5 | to the medicating of his meals, and what, if any procedural due process he has been provided

6 | regarding meal medication.  Additionally, the C/O's joking/teasing about serving him medicated

7 | meals is not actionable.  Verbal harassment or abuse alone is not sufficient to state a

8 | constitutional deprivation under 42 U.S.C. § 1983, <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139

9 | (9th Cir. 1987), and even threats do not rise to the level of a constitutional violation.  <u>Gaut v.</u>

10 | <u>Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).  Thus, Plaintiff's claim regarding being served

11 | medicated meals is not cognizable at this time.

12 |                 **2.  *Interference With Mail***

13 |     Plaintiff also alleges that K. Fresura, Vikjord, Price, and Castro have completely stopped

14 | his mail.  (Doc. 1, pg. 5.)

15 |     Prisoners have "First Amendment right to send and receive mail."  <u>Witherow v. Paff</u>, 52

16 | F.3d 264, 265 (9th Cir. 1995).  Prison regulations relating to the regulation of incoming mail are

17 | analyzed under the Turner reasonableness standard set forth in <u>Turner v. Safley</u>, 482 U.S. 78, 89-

18 | 91 (1987).  <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 413-14 (1989).  The regulation is valid if it is

19 | reasonably related to legitimate penological interests.  <u>Turner</u>, 482 U.S. at 89.  In determining the

20 | reasonableness of the regulation, court must consider the following factors: (1) whether there is a

21 | "valid, rational connection between the regulation and the legitimate government interest put

22 | forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the

23 | impact that the "accommodation of the asserted constitutional right will have on guards and other

24 | inmates," and (4) "the absence of ready alternatives."  <u>Turner</u>, 482 U.S. at 89-90.

25 |     Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the

26 | regulation furthers "an important or substantial government interest unrelated to the suppression

27 | of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is

28 | necessary or essential to the protection of the particular governmental interest involved."

1  Procunier v. Martinez, 416 U.S. 396, 413 (1974) (overturned by Thornburgh v. Abbott, 490 U.S.

2  401, 413-14 (1989) only as test relates to *incoming mail* - Turner test applies to incoming mail).

3     Plaintiff has recognized rights which are protected by the First Amendment.  Roberts v.

4  United States Jaycees, 468 U.S. 609, 618, 104 S.Ct. 3244 (1984).  Plaintiff is civilly detained in a

5  state hospital, and as a result, some curtailment of his rights may be expected.  Overton v.

6  Bazzetta, 539 U.S. 126, 131, 123 S.Ct. 2162 (2003); Hydrick v. Hunter, 500 F.3d 978, 991 (9th

7  Cir. 2007).  Consideration of whether officials' actions impermissibly infringed upon Plaintiff's

8  rights requires a balancing of Plaintiff's rights with the State's interests in institutional safety and

9  security.  Hydrick, 500 F.3d at 990.  Because a balancing of those rights and interests requires the

10  parties to make an evidentiary showing as to their positions, the Court is not in a position to

11  make a determination at the pleading stage.  Barrett v. Belleque, No. 06-35667, 2008 WL

12  4291159, *1 (9th Cir. Sept. 22, 2008).

13     The Court finds that Plaintiff has stated a cognizable claim against C/O's K. Frescura,

14  Vikjord, Price, and Castro for stopping all of Plaintiff's personal mail.

15     Plaintiff claims that for the last two weeks prior to filing his complaint, C/O's Frescura

16  and Vikjord have been denying him mail to the courts, and that he cannot get his mail to the

17  court unless he goes to the law library.  The mere fact that prison officials open and conduct a

18  visual inspection of a prisoner's legal correspondence does not state a claim for violation of a

19  prisoner's constitutional rights.  See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Mitchell

20  v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996).  Prison officials may, consistent with the First

21  Amendment, open mail from attorneys in the presence of the prisoner for visual inspection.  See

22  Wolff v. McDonnell, 418 U.S. 539, 576-7 (1974); Sherman v. MacDougall, 656 F.2d 527, 528

23  (9th Cir. 1981).  In Wolff v. McDonnell, the Supreme Court noted that inspecting mail from

24  attorneys in the presence of the inmate did all, and perhaps even more, than the Constitution

25  requires.  Id. at 577.  The issue of whether or not prison officials may also, consistent with the

26  First Amendment, open and visually inspect mail from attorneys outside the presence of a

27  prisoner, and/or SVP has not been decided by the Supreme Court or by the Ninth Circuit.  In

28  Wolff v. McDonnell, the legal mail at issue was mail sent to respondent from his own attorney.

1   Correspondence between an attorney and a client is entitled to special protection under the

2   attorney-client privilege.  "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is

3   not legal mail."  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).  "All correspondence from

4   a court to a litigant is a public document, which prison personnel could if they want inspect in the

5   court's files."  Id. at 1094 (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).  Plaintiff

6   states a claim against C/O's Frescura and Vikjord for denying his mail to the courts.

7          Further, inmates have a fundamental constitutional right of access to the courts.  Lewis v.

8   Casey, 518 U.S. 343, 346 (1996).  Claims for denial of access to the courts may arise from the

9   frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access

10  claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).

11  Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

12         Plaintiff might be attempting to state a claim for denial of access to the courts by C/O's

13  Frescura and Vikjord failing to mail his correspondence to the court.  However, any such claims

14  are not cognizable at this time as plaintiff fails to show any frustration or hindrance of any form

15  of legal claim (forward or backward looking).

16              **3.  *Retaliation***

17         Plaintiff alleges that he was retaliated against for exercising his "civil rights."

18         Allegations of retaliation against a prisoner's First Amendment rights to speech or to

19  petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.3d 527, 532

20  (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.

21  Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First

22  Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some

23  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

24  such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

25  not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-

26  68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file

27  a prison grievance is sufficient to support a claim under section 1983.  Bruce v. Ylst, 351 F.3d

28  1283, 1288 (9th Cir. 2003).  Adverse action is action that "would chill a person of ordinary

1   firmness" from engaging in that activity.  Pinard v. Clatskanie School Dist., 467 F.3d 755, 770

2   (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486

3   F.3d 1025 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v.

4   Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George

5   Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir.

6   2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

7          Both litigation in court and filing inmate grievances are protected activities and it is

8   impermissible for prison officials to retaliate against inmates for engaging in these activities.

9   However, not every allegedly adverse action will be sufficient to support a claim under section

10   1983 for retaliation.  In the prison context, cases in this Circuit addressing First Amendment

11   retaliation claims involve situations where the action taken by the defendant was clearly adverse

12   to the plaintiff.  Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property,

13   initiation of a prison transfer, and assault in retaliation for filing grievances); Austin, 367 F.3d at

14   1171 (retaliatory placement in administrative segregation for filing grievances); Bruce, 351 F.3d

15   at 1288 (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108

16   F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding

17   of guilt); Pratt, 65 F.3d at 806 (retaliatory prison transfer and double-cell status); Valandingham,

18   866 F.2d at 1138 (inmate labeled a snitch and approached by other inmates and threatened with

19   harm as a result); Rizzo, 778 F.2d at 530-32 (retaliatory reassignment out of vocational class and

20   transfer to a different prison).

21          In this case, Plaintiff alleges that his mail was interfered with in retaliation for him

22   "exercising" his "civil rights."  Retaliation claims are cognizable only if they are based on a

23   plaintiff engaging in protected First Amendment activities.  Plaintiff might have intended to

24   imply that the retaliatory actions are taking place because of his litigation activities (via prisoner

25   grievances and legal filings).  Unfortunately, Plaintiff does not say this, and mere "civil rights"

26   are not necessarily protected First Amendment activities.  Thus, Plaintiff's retaliation claim is not

27   cognizable at this time.

28   / / /

1        **4.  *Access to the Courts***

2        Plaintiff claims that, for the month prior to filing his complaint, F. Yamat and J. Munoz

3   have inhibited his access to the courts by refusing to copy his motions and exhibits to his civil

4   cases.

5        Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,

6   518 U.S. 343, 346 (1996).  Claims for denial of access to the courts may arise from the

7   frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access

8   claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).

9   Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

10       The Ninth Circuit has identified two basis for right of access claims.  The first challenges

11  the adequacy of a state's provision of basic supplies to indigent inmates which ensure

12  "meaningful" access to the courts.  Bounds v. Smith 430 U.S. 817, 824-25 (1977) ("It is

13  indisputable that indigent inmates must be provided at state expense with paper and pen to draft

14  legal documents, with notarial services to authenticate them, and with stamps to mail them.")

15  The second identifiable claim is based on allegations that a state failed to furnish "adequate law

16  libraries or adequate assistance from persons trained in the law."  Sands v. Lewis 886 F.2d 1166,

17  1169 citing Bounds.  In Sands, the Ninth Circuit held that prisoners bringing claims under the

18  first category must allege "actual injury" in order to state a claim upon which relief can be

19  granted. Id. at 1171. Subsequently, the Supreme Court extended the actual injury requirement to

20  the second category of right of access claims as well. See Lewis v. Casey 518 U.S. 343, 349

21  (1996).  A prisoner bringing either type of right of access claim in a § 1983 action must allege

22  actual injury if he wishes to avoid dismissal for failure to state a claim.  Id. at 351.

23       "Actual injury" may be defined as "actual prejudice with respect to contemplated or

24  existing litigation, such as inability to meet a filing deadline or present a claim." Id. at 348.  The

25  type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil

26  rights actions such as those brought under section 1983 to vindicate basic constitutional rights.

27  Id. at 354 (quotations and citations omitted).  "Impairment of any *other* litigating capacity is

28  simply one of the incidental (and perfectly constitutional) consequences of conviction and

1  incarceration." Id. at 355, 2182 (emphasis in original).

2      Plaintiff has no constitutional right to having copies made, nor has he stated what, if any,

3  claim he has lost, or will not be able to pursue, because of his inability to obtain copies.  Thus,

4  Plaintiff's claim is not cognizable.  Also , since Plaintiff alleges that this inability to obtain

5  copies has occurred for "about the past month," prior to filing his complaint, the Court is

6  concerned that Plaintiff has not exhausted his administrative remedies on this issue.

7  **II.    CONCLUSION**

8      For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an

9  amended complaint within thirty days.  If Plaintiff needs an extension of time to comply with this

10  order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the

11  date of service of this order.

12      Plaintiff must demonstrate in his complaint how the conditions complained of have

13  resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227

14  (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

15  involved.  There can be no liability under section 1983 unless there is some affirmative link or

16  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

17  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

18  F.2d 740, 743 (9th Cir. 1978).

19      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

20  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

21  rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the

22  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

23  ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

24       Plaintiff is further advised that an amended complaint supercedes the original complaint,

25  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

26  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

27  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

28  original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d

1  at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u>

2  <u>Forsyth</u>, 114 F.3d at 1474.

3        The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified

4  by the Court in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff

5  may not change the nature of this suit by adding new, unrelated claims in his second amended

6  complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

7        Based on the foregoing, it is HEREBY ORDERED that:

8      1.    Plaintiff's complaint is dismissed, with leave to amend;

9      2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

10      3.    Within **thirty (30) days** from the date of service of this order, Plaintiff must

11          either:

12          a.    File an amended complaint curing the deficiencies identified by the Court

13              in this order, or

14          b.    Notify the Court in writing that he does not wish to file an amended

15              complaint and wishes to proceed only on the claims identified by the Court

16              as viable/cognizable in this order; and

17      4.    If Plaintiff fails to comply with this order, this action will be dismissed for failure

18          to obey a court order and for failure to state a claim.

21      IT IS SO ORDERED.

22  **Dated:**   **December 15, 2008**               **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE